UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Jamie Narvaez, | ) | C/A No. 7:18-cv01906-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Timkin Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment. ECF No. 21. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 25, 27. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 9, 2020, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 32. Plaintiff filed objections to the Report, and Defendants filed a Reply. ECF Nos. 34, 35. A hearing on the Motion and the objections to the Report was held on February 26, 2020; at the conclusion of the hearing, the Court took the Motion under advisement. ECF No. 38.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

1

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff brings claims for sex-based hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964. Upon de novo review of the record, applicable law, and Report the Court finds that summary judgment is appropriate with respect to both of Plaintiff's claims. Regarding Plaintiff's claim that she was subjected to a hostile work environment, the Court finds that here is insufficient evidence in the record that Defendant had actual or constructive notice of co-worker sexual harassment to create a genuine issue of material fact. See *Wilson v. Gaston Cty., NC*, 685 F. App'x 193, 197 (4th Cir. 2017) ("Because Putman was not Wilson's supervisor, Gaston County is only liable if it 'knew or should have known about the harassment and failed to take prompt remedial action reasonably calculated to end the harassment.'" (quoting *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 423 (4th Cir. 2014) (other internal quotation marks omitted)).

In as much as the Court found Plaintiff failed to provide notice to her employer, there is insufficient evidence of protected activity; accordingly, Plaintiff's claim for retaliation must fail. However, even if the undersigned were to consider Plaintiff's retaliation claim, the Court finds that Plaintiff's action in falsifying a future event is not comparable to other employees inadvertently omitting information of a past event and later correcting it. *See Haywood v. Locke,* 387 F. App'x 355, 359 (4th Cir. 2010) (holding that when relying on a comparator to establish a prima facie case of retaliation a plaintiff is "required to show that [she is] similar in all relevant respects to [her] comparator.").

Therefore, the Court adopts and incorporates the recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment [21] is **GRANTED** and this case is dismissed.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

March 5, 2020
Spartanburg, South Carolina